| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:06-MC-014 |
| § | |
| FIRST BANK & TRUST EAST TEXAS § | |
| and BESSIE M. LINDSAY, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff United States of America's ("United States") Motion to Deny Objection to Final Accounting Upon Termination of Garnishment (#16). Pursuant to 28 U.S.C. § 3209(c)(9)(B), Defendant Bessie M. Lindsay ("Lindsay") objects to the United States' final accounting, claiming that Lindsay's retirement benefits are exempt from garnishment under Texas property law. Having reviewed the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Plaintiff's motion should be granted.

I.  Background

On February 1, 2006, in Case Number 1:05-CR-120, Lindsay pleaded guilty to one count of theft, embezzlement, or misapplication by a bank officer or employee in violation of 18 U.S.C. § 656. As part of her sentence, Lindsay was ordered to pay restitution of $150,000.00 and a special assessment fee of $100.00, for a total monetary payment of $150,100.00. On October 26, 2007, the United States filed an Application for Writ of Continuing Garnishment pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308. At that time, the United States contended that a balance of $149,950.00 remained outstanding. The writ was

subsequently issued on November 17, 2006, to obtain non-exempt property in the custody, control, or possession of First Bank & Trust East Texas ("First Bank"). In its amended answer, filed on January 8, 2007, First Bank identified a checking account and a 401(k) Profit Sharing Plan held on behalf of Lindsay, containing $910.16 and $39,280.27, respectively.

Lindsay was served with the Writ of Continuing Garnishment and notified of her right to claim exemptions from garnishment. She filed an answer on January 8, 2007, claiming that her First Bank & Trust East Texas 401(k) Profit Sharing Plan ("Retirement Account") was exempt from garnishment. Lindsay asserted that the funds were protected under the anti-alienation provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1056(d)(1). In response, the United States argued that ERISA-qualified plans were not protected from seizure by the federal government for the satisfaction of criminal fines and court-ordered restitution. Accordingly, the United States requested that the court deny Lindsay's exemption claim as a matter of law.

For the reasons set forth in the court's Memorandum and Order (#11) signed February 15, 2007, the court agreed with the United States and granted its Motion for Entry of Judgment. A final judgment was entered on February 21, 2007, ordering First Bank to remit the monies held for the benefit of Lindsay to the Clerk of the court. In accordance with the court's order, the United States received the garnished monies from First Bank on March 1, 2007, and forwarded those funds to the Clerk.

On March 13, 2007, the United States filed a cumulative written accounting of all of the property received under the Writ of Continuing Garnishment pursuant to 28 U.S.C. § 3205(c)(9)(B). On March 16, 2007, Lindsay filed a written objection to this accounting in

which she reiterates that her Retirement Account is exempt from garnishment. Lindsay also argues that the funds are protected under Texas community property law. In response, the United States avers that Lindsay's claims are untimely and fail to constitute a proper objection to a final accounting. Accordingly, the United States requests that the court overrule Lindsay's objection.

II.   Analysis

    A.   Timeliness of Lindsay's Claims for Exemption

The United States argues that Lindsay's Objection to Final Accounting of Garnishment raises new claims for exemption of her Retirement Account. Further, they contend that these new claims are untimely and should be barred. The garnishment provisions of the FDCPA, 28 U.S.C. §§ 3205-3308, state that a judgment debtor may file a written objection to garnishment within twenty days of receipt of a garnishee's answer identifying funds subject to garnishment. 28 U.S.C. § 3205(c)(5). If the judgment debtor elects to file an objection to the garnishment, he or she must state the grounds for the objection. *Id*. Additionally, the judgment debtor has the burden of proving such grounds. *Id*.

Here, Lindsay filed a timely objection to garnishment on January 8, 2007, after receipt of First Bank's answer. She contended that her Retirement Account constituted funds protected under the anti-alienation provision of ERISA and was therefore exempt from garnishment. This court disagreed with Lindsay and issued a Memorandum and Order detailing the court's reasoning. A final judgment followed on February 21, 2007. Lindsay did not seek amendment or alteration of the final judgment within ten days of entry of the order in accordance with Rule 59(e) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e). The funds were disbursed to the United States on March 1, 2007, thereby terminating the garnishment on that date. *See* 28 U.S.C.

§ 3205(c)(10)(B) (providing that a garnishment is terminated upon "exhaustion of property in the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest"). Thus, Lindsay's new claims for exemption, presented nearly two months after the expiration of the statutory deadline, are untimely. Any and all claims should have been brought to the court's attention within twenty days after receipt of First Bank's answer. *See id*. Accordingly, Lindsay's new exemption claims are time-barred.

      B.      <u>Statutory Scope of Objection</u>

The United States also maintains that Lindsay's objection improperly utilizes the statutory right to object to the accounting in order to resurrect claims regarding the propriety of the garnishment itself. The FDCPA provides that "[w]ithin 10 days after the garnishment terminates, the United States shall give a cumulative written accounting to the judgment debtor and garnishee of all property it receives under a writ of garnishment." *Id*. § 3205(9)(B). The judgment debtor or garnishee may file a written objection to the accounting within ten days from the receipt of such accounting. *Id*. The written objection shall state the grounds for the objection. *Id*.

In the case at bar, the garnishment terminated on March 1, 2007. The United States subsequently filed a final accounting, identifying the property withheld from Lindsay pursuant to the Writ of Continuing Garnishment. Three days later, Lindsay filed an objection to the final accounting pursuant to 28 U.S.C. § 3205(c)(9)(B). The substance of Lindsay's objection, however, fails to allege a deficiency in the final accounting. Rather it reiterates her contention that her Retirement Account is exempt from garnishment:

> The funds which were seized are the retirement benefits of Bessie M. Lindsay and are exempt from garnishment under the laws of the State of Texas. The funds are community funds of Bessie M. Lindsay and her husband. He is not liable nor are his assets liable for the actions of Bessie M. Lindsay.

It is apparent that Lindsay takes issue with the propriety of the garnishment itself, not with the government's final accounting.

"Where a statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992)).

Here, the language of § 3205(c)(9)(B) and the context within which it is used support the conclusion that only objections to the final accounting are permissible, not new or additional objections to the garnishment itself. At the outset, the section affords Lindsay the opportunity to "file a written objection to the *accounting*." 28 U.S.C. § 3205(c)(9)(B) (emphasis added). The language also indicates that such an accounting must be filed "[w]ithin 10 days after the garnishment terminates." *Id*. Moreover, § 3205 includes another provision that specifically governs objections to the underlying garnishment. *See id*. § 3205(c)(5). Thus, the context in which the language of § 3205(c)(9)(B) is used, and the broader context of § 3205 as a whole, support the conclusion that objections under § 3205(c)(9)(B) are limited solely to the actual accounting. *See Robinson*, 519 U.S. at 341. Accordingly, Lindsay's Objection to Final Accounting of Garnishment, which re-hashes arguments relating to the underlying garnishment, is improper.

C. <u>Community Property Subject to Garnishment</u>

Although the court agrees with Plaintiff that Lindsay's objection is untimely and the substance constitutes an improper objection to a final accounting, Lindsay's exemption claims fail on the merits, as well. Contrary to Lindsay's assertions, under Texas property law, the Retirement Account is not exempt from garnishment by the United States.

The Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 366A, was enacted by Congress "to ensure that the loss to crime victims is recognized," as well as to guarantee that "they receive the restitution that they are due." S. REP. NO. 104-179, at 12 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 925. In seeking the Writ of Continuing Garnishment, the United States indicated that it was proceeding under the MVRA, specifically 18 U.S.C. § 3613(a), which provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). The language of § 3613(a) indicates that the government may look to all of a criminal debtor's property to satisfy criminal fines except certain limited types of property

"which would be exempt from a levy for the payment of federal income taxes." *United States v. Rice*, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002).

Moreover, the MVRA specifies that restitution orders are to be enforced by the government using all of the remedies that are available for the collection of criminal fines. *See* 18 U.S.C. § 3664(m)(1)(A)(i); *see also United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) (holding that the "MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means"). In addition, like a fine, an order of restitution imposed pursuant to the MVRA is treated as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see Phillips*, 303 F.3d at 550-51; *Rice*, 196 F. Supp. 2d at 1199.

Section 6331 of the Internal Revenue Code ("IRC") sets forth the basic procedures for the collection of outstanding tax liabilities following notice and demand. *See* 26 U.S.C. § 6331. The Internal Revenue Service ("IRS") is authorized to levy upon all property and rights to property belonging to a taxpayer, subject to certain enumerated exemptions in § 6334, in order to satisfy outstanding tax liabilities. *See id.* § 6331(a). Here, whether Lindsay's interest in her Retirement Account constitutes "property and rights to property" for the purposes of the federal statute is ultimately a question of federal law. The answer, however, largely depends upon state law, as the federal tax lien statue itself "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Craft*, 535 U.S. 274, 278 (2002) (quoting *United States v. Bess*, 357 U.S. 51, 55 (1958)). Accordingly, "[w]e look initially to state law to determine what rights the taxpayer has in the property the Government seeks to

reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." *Id*. (quoting *Drye v. United States*, 528 U.S. 49, 58 (1999)).

Texas law provides that all property acquired during marriage, other than by gift, devise, descent, or personal injury recovery is community property. TEX. FAM. CODE ANN. §§ 3.001-3.002 (Vernon 2006). Each spouse has a fifty percent interest in the community property. *See Broday v. United States*, 455 F.2d 1097, 1100-01 (5th Cir. 1972). Property possessed by either spouse during marriage is presumed, absent clear and convincing evidence to the contrary, to be community property. TEX. FAM. CODE ANN. § 3.003. Further, Texas law distinguishes between community property subject to the joint management, control, and disposition of both spouses, and community property subject to one spouse's sole management, control, and disposition. *See id.* § 3.102. A person has sole management, control, and disposition of community property that he or she would have owned if single. *Id*. § 3.102(a). Sole management community property includes personal earnings as well as any increase in value, mutations, and revenue from all property subject to the spouse's sole management, control, and disposition. *Id*. § 3.102(a)(1), (4). Texas law defines community property subject to joint management, control, and disposition as all community property that is not subject to a spouse's sole management, control, and disposition, and is not otherwise subject to an agreement of the spouses. *See id.* § 3102(c).

In the case at bar, it is clear that Lindsay's Retirement Account upon which the government levied constitutes the community property of Lindsay and her husband under Texas law. *See id.* § 3.003; *see also Broday*, 455 F.2d at 1100-01. Moreover, as the Retirement Account was funded entirely from Lindsay's personal earnings, the monies are Lindsay's sole management community

property. *See id*. § 3.102(a). This is further evidenced by First Bank's Amended Answer to Writ of Garnishment, which indicates that the Retirement Account was held solely in Lindsay's name.

The court now turns to the federal question of whether the rights Texas law grants Lindsay qualify as "property" or "rights to property" under the federal statute, 26 U.S.C. § 6331. The statutory language authorizing the tax lien is broad and indicates "that Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989) (quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985)). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City v. United States*, 326 U.S. 265, 267 (1945).

In this instance, Lindsay's objection broadly references protection "under the laws of the State of Texas" and alludes to community property law. Section 6334, however, identifies property that is exempt from levy by the government. 26 U.S.C. § 6334(a). The enumerated exemptions comprise an exclusive list. *See id*. § 6334(c) ("Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."). Because § 6334(a) governs what property is exempt from levy, any state law provision purporting to shield certain kinds of property from levy is trumped by the federal enactment. *United States v. Mitchell*, 403 U.S. 190, 204-05 (1971). Additionally, the Fifth Circuit, recognizing federal preemption of community property laws in the area of federal taxation, has specifically held that community property subject to a spouse's sole management, control, and disposition is subject to the federal tax liability of both spouses. *Medaris*, 884 F.2d at 834-35 (finding that one half of

the wife's sole management community property and all of the husband's sole management community property was subject to the tax liabilities incurred entirely by the husband).

In this case, the entire balance of Lindsay's sole management community property Retirement Account is available to satisfy a federal tax lien against her. *See id*. Likewise, the same assets are subject to garnishment by the government for satisfaction of her outstanding criminal fines and court-ordered restitution. *See* 18 U.S.C. § 3613(c); *see also Phillips*, 303 F.3d at 550-51; *Rice*, 196 F. Supp. 2d at 1199. Hence, Lindsay's assertion that Texas community property law protects her Retirement Account from garnishment by the United States is without merit.

III.   Conclusion

Lindsay fails to confine her objection, as required by statute, to shortcomings in the United States' final accounting. She erroneously attempts to advance new or additional challenges to the garnishment itself, even though the time to present these arguments to the court has long past. Nevertheless, the court, having considered the merits of Lindsay's untimely and improper objection, is of the opinion that the entire balance of Lindsay's Retirement Account is subject to garnishment by the United States for satisfaction of her outstanding criminal fine and court-ordered restitution. Accordingly, Plaintiff's Motion to Deny Objection to Final Accounting Upon Termination of Garnishment is granted, and Lindsay's objection is overruled.

SIGNED at Beaumont, Texas, this 9th day of April, 2007.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE